UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

BOBBY D. PERRY

    Debtor

Case No. 18-13265-BFK
(Chapter 13)

LAKEVIEW LOAN SERVICING LLC,

    Movant

Ref. Dkt. #22

vs.

BOBBY D. PERRY,
CHARITA TAYLOR, Co-Debtor, and
THOMAS P. GORMAN, Trustee.

    Respondents,

## ORDER MODIFYING AUTOMATIC STAY AND GRANTING RELIEF FROM CO-DEBTOR STAY

This matter was settled prior to the scheduled May 8, 2019 hearing on the motion for relief from the automatic stay and co-debtor stay filed by Lakeview Loan Servicing LLC ("Movant") with respect to the real property located at 14602 Featherstone Gate Drive, Woodbridge, VA 22191 and more particularly described as follows:

Kathryn E. Smits, Bar #77337
Heather D. McGivern, Bar # 91767
Theseus D. Schulze, Bar # 93756
Orlans PC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

All that certain lot, piece or parcel of land, with all improvements thereon and all appurtenances thereto belonging, located and being in the County of Prince William, Commonwealth of Virginia, and being designated as follows:

Unit 28, Phase 3, FEATHERSTONE STATION CONDOMINIUM, as set forth in Declaration Of Featherstone Station Condominium recorded as Instrument Number 201505180038236, as amended in Instrument Number 201509250080283, as further amended in Instrument Number 201603160018364, and any and all prior and/or subsequent amendments thereto, and as set forth on any plats recorded therewith, among the land records of Prince William County, Virginia.

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $2,005.19, directly to M&T Bank, PO Box 62182, Baltimore, MD 21264, as they become due commencing on April 1, 2019, subject to adjustment as due under the Note.

2. The debtor will cure the post-petition arrearage currently due to the movant for November, 2018 through March, 2019 in the total amount of $11,056.95, through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Plan will be filed within twenty-one (21) days from the date of entry of this Order and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so. Movant shall amend its filed Proof of Claim, or file a supplemental Proof of Claim, for the post-petition arrearages set forth above, within sixty (60) days from the entry of this Order. Debtor's counsel is authorized to file the amended or supplemental Proof of Claim if it is not filed within the above referenced timeframe. The post-petition arrearage includes five (5) post-petition payments in the amount of $2,005.19 each for the months of November, 2018 through March, 2019, attorneys' fees

and costs in the amount of $1,031.00 for the filing of the Motion for Relief from Automatic Stay and Co-Debtor Stay.

      3.      In the event that the Modified Chapter 13 Plan is not filed within twenty-one (21) days from the date of entry of this Consent Order Modifying Automatic Stay or if any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.    That the debtor failed to file a modified Chapter 13 Plan consistent with the terms above, and/or that the debtor is in default in making at least one payment required under this order;
    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.    The action necessary to cure the default, including any address to which payments must be mailed;
    d.    That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.    cure the default;
        ii.    file an objection with the court stating that no default exists; or
        iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e.    That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.      Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

8.      Relief is granted as to Charita Taylor, the co-debtor, from the automatic stay imposed by §1301.

\_\_\_\_Alexandria\_\_\_\_, Virginia

Date: Mar 22 2019

/s/ Brian F. Kenney
Brian F. Kenney
U.S. Bankruptcy Court Judge

Entered on Docket: Mar 22 2019

I ASK FOR THIS:

\_\_\_/s/ Theseus D. Schulze_____
Kathryn Smits, Bar #77337
Heather D. McGivern, Bar # 91767
Theseus D. Schulze, Bar # 93756
ksmits@orlans.com
hmcgivern@orlans.com
tschulze@orlans.com
Orlans PC
P.O. Box 2548
Leesburg, Virginia 20177
(703) 777-7101

SEEN AND AGREED:


\_\_/s/ Robert R. Weed_____
Robert R. Weed, Esquire
Law Offices Of Robert Weed
1376 Old Bridge Rd
Suite 101-4
Woodbridge, VA 22192
Attorney for the Debtor
Re: Case No. 18-13265-BFK

SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:

   /s/ Thomas P. Gorman
Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314
Re: Case No. 18-13265-BFK

## CERTIFICATION

      The undersigned certifies that the foregoing Order Modifying Automatic Stay and Granting Relief from Co-Debtor Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

                                         /s/ Theseus D. Schulze
                                      Kathryn Smits, Esquire
                                      Heather D. McGivern, Esquire
                                      Theseus D. Schulze, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn Smits, Esquire
Heather D. McGivern, Esquire
Theseus D. Schulze, Esquire
Orlans PC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Bobby D. Perry
14602 Featherstone Gate Dr.
Woodbridge, VA 22191
Debtor

Charita Taylor
14602 Featherstone Gate Dr.
Woodbridge, VA 22191
Co-Debtor

Robert R. Weed, Esquire
Law Offices Of Robert Weed
1376 Old Bridge Rd
Suite 101-4
Woodbridge, VA 22192
Attorney for the Debtor

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314